FOOS MANUFACTURING CO. v. W. R. PRATHER.

(No. 6767.)

ERROR from Dallas County.   Opinion by WILLSON, J.

McCORMICK & SPENCE, counsel for appellant.

J. W. MOORE, counsel for appellee.

§ **131.** *Appeal from justice's to county court; dismissal of for failure to file transcript.* Plaintiffs in error appealed from a judgment rendered against them in favor of appellee in justice's court to the county court. They perfected their appeal November 26, 1888, the same day on which a term of the county court began. The next term of the county court began on February 4, 1889, and the transcript from justice's court was filed February 7, 1889, that being the third day of said February term. On March 1, 1889, the defendant in error moved to dismiss said appeal upon the ground that the transcript, etc., had not been filed in the time required by law, and

the court sustained said motion. We are of the opinion that the court erred in dismissing the appeal. Said appeal was not perfected until the appeal bond was filed, and said bond was not filed until the November term of the county court had commenced, and the appeal was therefore not returnable to that but to the succeeding term of the county court, which began February 4, 1889. At said return term the transcript, etc., were filed, but not on the first day of said term, as required by law. [Sayles' Civil St., art. 1641.] The failure of the justice of the peace to file the transcript, etc., on the first day of said term did not entitle defendant in error to have the appeal dismissed. A motion to dismiss an appeal from justice's court upon the ground of failure to file transcript, etc., in time is not maintainable, unless the transcript, etc., have not been filed on the first day of the next term of the county court after the return term of the appeal. [3 Civil Cas. Ct. App., § 284.] Because the court erred in dismissing the appeal the judgment is reversed, and the cause is remanded for a trial *de novo* in the county court.

June 7, 1890. Reversed and remanded.